| Case No.: | CV 17-03403-AB (GJSx) | Date: | August 2, 2017 |

| Title: | *James Olson v. Michaels Stores, Inc.* |

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |

| Carla Badirian | N/A |
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] Order GRANTING Plaintiff's Motion to Remand

Invoking diversity jurisdiction, Defendant Michaels Stores, Inc. ("Defendant") removed this case from Los Angeles County Superior Court on May 4, 2017. (Dkt. No. 1, Notice of Removal ("NOR") at 2.) Plaintiff James Olson filed the present motion to remand this action on May 20, 2017. (Dkt. No. 11, "Mot.") Defendant filed an opposition on May 26, 2017, and Plaintiff filed a reply on June 5, 2017. (Dkt. No. 13, "Opp'n"; Dkt. No. 17, "Reply.") Having considered the parties' arguments and the materials submitted, the Court deemed this motion appropriate for resolution without oral argument and took the matter under submission. (*See* Dkt. No. 19.) For the following reasons, the Court **GRANTS** Plaintiff's motion.

I.  **BACKGROUND**

On March 27, 2017, Plaintiff filed a complaint in state court under California's Private Attorneys General Act ("PAGA"), California Labor Code section 2698 *et seq.*, to

recover civil penalties for cashiers who worked at Michael's Stores and were denied suitable seating while they performed their register duties in the cash wraps at Michaels stores. (Dkt. No. 1-2, Declaration of Stephanie Priel ("Priel Decl.") ¶ 2, Ex. A ("Compl.") ¶¶ 16-18.) Plaintiff alleges "the nature of the work of a cashier can reasonably be accomplished from a seated position," but that Defendant has "not and do[es] not provide cashiers, including Plaintiff and other non-party Aggrieved Employees, with seats or stools at or near their cash wraps." (*Id.* at ¶ 16.) Plaintiff alleges Defendant violated Wage Order 7-2001 Section 14(A) and (B) and that he provided notice of this alleged violation to the Labor and Workforce Development Agency ("LWDA") and Defendant. (*Id.* at ¶¶ 1, 24-25.) Plaintiff claims he has since satisfied the administrative prerequisites to litigation and proceeded to file suit. (*Id.* at ¶¶ 26-29.)

Defendant filed a Notice of Removal asserting diversity jurisdiction under 28 U.S.C. § 1332. Specifically, Defendant asserts it is a citizen of Delaware and Texas, as it is incorporated and maintains its principal place of business in those states, respectively. (NOR at ¶ 8.) Defendant also claims Plaintiff is a citizen of California (*Id.* at ¶ 6), and as such, complete diversity between the parties exists. (*Id.* at ¶ 11.) Defendant maintains the amount in controversy is satisfied, for the purposes of determining jurisdiction upon removal, by the potential recovery of attorneys' fees and civil penalties recoverable under PAGA. (*Id.* at ¶¶ 19-22.) Plaintiff challenges both of these assertions and seeks an order remanding the case to Superior Court.

## II. LEGAL STANDARD

As courts of limited jurisdiction, federal courts have subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Under 28 U.S.C. § 1441, a defendant may remove an action from state court to federal court on the basis of diversity jurisdiction if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Diversity jurisdiction requires that the parties be in complete diversity and the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332.

The amount in controversy is the total "amount at stake in the underlying litigation." *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). "[I]n assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Exp., Inc.*, 471 Fed. App'x 646, 648 (9th Cir. 2012)

(quoting *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999), *superseded by statute on other grounds as stated in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006) ("The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."); *Martinez v. Los Angeles World Airports*, No. CV-14-9128-PA-PLAx, 2014 WL 6851440, at *2 (C.D. Cal. Dec. 2, 2014). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Merricks-Barragan v. Maidenform, Inc.*, No. CV-11-07965-SJO-MRWx, 2011 WL 5173653, at *2 (C.D. Cal. Oct. 31, 2011) (citing *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). "Conclusory allegations as to the amount in controversy are insufficient." *Matheson*, 319 F.3d at 1090-91 (citing *Gaus*, 980 F.2d at 567). "[R]ather, defendant[s] must state the underlying facts supporting [their] assertion that the amount in controversy is met." *Killion v. AutoZone Stores Inc.*, No. 5:10-CV-01978, 2011 WL 590292, at *1 (C.D. Cal. Feb. 8, 2011) (citing *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

### III. DISCUSSION

In support of his motion to remand, Plaintiff argues complete diversity between the parties does not exist and the amount in controversy is not satisfied. The Court addresses each in turn.

#### A. Complete Diversity

There is no dispute that Plaintiff is a citizen of California and Defendant is a citizen of Delaware and Texas, and that as between these parties, complete diversity exists. (Dkt. No. 11, Mot. at 2.) But Plaintiff contends that under PAGA, California is the "real party in interest," and its presence therefore destroys diversity "[b]ecause a state has no citizenship for purposes of diversity." (Mot. at 2 (citing *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1122-23 (9th Cir. 2013) ("The state, as the real party in interest, is not a 'citizen' for diversity purposes.")).) Plaintiff's position rests entirely on a single sentence in a Ninth Circuit case, which, when read in context, does not support his argument.

In *Urbino*, the Ninth Circuit held that representative plaintiffs under PAGA assert their own individual interests such that their penalties cannot be aggregated to satisfy the amount in controversy. *Urbino*, 726 F.3d at 1122. The Ninth Circuit continued: "To the

extent Plaintiff can—and does—assert anything but his individual interest, however, we are unpersuaded that such a suit, the primary benefit of which will inure to the state, satisfies the requirements of federal diversity jurisdiction. The state, as the real party in interest, is not a 'citizen' for diversity purposes." *Id.* at 1122-23. The Ninth Circuit did not hold that the state is always an actual party in all PAGA actions, such that federal courts could never exercise diversity jurisdiction over PAGA claims. *Cf. Archila v. KFC U.S. Props. Inc.*, 420 F. App'x 667, 668 (9th Cir. 2011) (citing *U.S. ex rel. Eisenstein v. City of N.Y.*, 556 U.S. 928, 935 (2009) ("[A]lthough California may be a real party in interest to a PAGA action, this does not convert California into an actual party to all PAGA litigation."). And as Defendant points out, district courts in California routinely exercise jurisdiction over PAGA claims when complete diversity exists between the PAGA plaintiff and the defendant. *See, e.g.*, *Gunther v. Int'l Bus. Mach. Corp.*, 2016 WL 3769335, at *3 (C.D. Cal. July 14, 2016) (exercising diversity jurisdiction in a PAGA action); *Lopez v. Ace Cash Express, Inc.*, 2015 WL 1383535, at *2 n.2 (C.D. Cal. Mar. 24, 2015) (acknowledging that complete diversity existed in PAGA action); *Thomas v. Aetna Health of Cal., Inc.*, 2011 WL 2173715, at *8 (E.D. Cal. June 2, 2011) (noting complete diversity existed in PAGA action). Plaintiff's reliance on a single sentence from *Urbino* is misplaced and does not support remand. In this case, there is complete diversity between Plaintiff and Defendant: Plaintiff is a citizen of California and Defendant is a citizen of Delaware and Texas. Accordingly, the Court finds there is complete diversity between the parties.

### B. Amount in Controversy

Plaintiff also contends the amount in controversy is not satisfied. "A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Armstrong v. Ruan Transp. Corp.*, 2016 WL 6267931, at *2 (C.D. Cal. Oct. 25, 2016) (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). "The amount in controversy includes the amount of damages in dispute, as well as attorney[s'] fees, if authorized by statute or contract." *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). Where "the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Id.* (citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997)). "When the amount is not 'facially apparent' from the complaint, the court may consider facts in the removal petition . . . ." *Kroske*, 432 F.3d at 980 (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335-36 (5th Cir. 1995)).

In this case, civil penalties and attorneys' fees are recoverable under PAGA. Cal.

Lab. Code § 2699(g)(1) ("Any employee who prevails in any action shall be entitled to an award of reasonable attorney[s'] fees and costs . . . ."). Courts permit parties opposing remand to "calculate the amount in controversy by multiplying the amount of the fine per violation by the number of potential class members [] assuming that there was a violation at every pay period during the class period." *Chavez v. Time Warner Cable LLC*, 2012 WL 12919308, at *2 (C.D. Cal. Aug. 24, 2014) (finding this method of determining the amount in controversy satisfies Defendants' burden to demonstrate the amount in controversy by a preponderance of the evidence). District courts within the Ninth Circuit handling PAGA cases have held that "removing defendants can reasonably assume plaintiffs are entitled to attorney[s'] fees valued at approximately 25% of projected damages." *Ford v. CEC Entm't, Inc.*, 2014 WL 3377990, at *6 (N.D. Cal. July 10, 2014); *see also Willis v. Xerox Bus. Servs., LLC*, 2013 WL 6053831, at *10 (E.D. Cal. Nov. 15, 2013) (adopting defendant's good faith estimate that attorneys' fees award would be 25% of PAGA penalties).

Here, the amount in controversy is not "facially apparent" from Plaintiff's complaint, but Plaintiff estimates any recovery will be less than $75,000. (Compl. at ¶¶ 1-2.) Defendant, on the other hand, asserts the potential recovery is more than $2 million. (NOR at ¶ 21.) The Court examines each potential basis for recovery.

### 1. PAGA Civil Penalties

Plaintiff seeks civil penalties under California Labor Code sections 2699(a), (f)–(g) for violations of California Labor Code section 1198. (Compl., Prayer for Relief, at ¶¶ 3-4.) The statute provides penalties up to $100 "for each aggrieved employee per pay period" for an initial violation and up to $200 per employee per pay period for each subsequent violation. Cal. Lab. Code § 2699(f)(2). Plaintiff alleges his claim on behalf of himself and other current and former California cashiers of Defendant. (Compl. at ¶ 21.) According to Defendant, during the one-year statutory period it employed more than 1,000 cashiers in California. (Dkt. No. 1-5, Declaration of Kelli Cavasin ("Cavasin Decl.") ¶ 8.) Defendant multiplies the minimum $100 penalty for each pay period by 1,000 employees for each of the 26 bi-weekly pay periods to estimate the civil penalties under PAGA would exceed $2 million.[1] (NOR at ¶ 21.) Under PAGA, aggrieved employees would take 25%, or $500,000 of this sum. *See* Cal. Lab. Code § 2699(i) ("[C]ivil penalties recovered by aggrieved employees shall be distributed as follows: 75 percent to the Labor and Workforce Development Agency [] and 25 percent to the aggrieved employees."). "For purposes of this part, 'aggrieved employee' means any person who was employed by the alleged violator and against whom one or more of the alleged violation was committed." *See* Cal. Lab. Code § 2699(c). To determine the

---

[1] Defendant limits its calculation to one year in accordance with PAGA's statute of limitations. *See Taylor v. Interstate Grp., LLC*, 2016 WL 861020, at *3 (N.D. Cal. Mar. 7, 2016).

amount in controversy, these penalties may not be aggregated. *See Urbino*, 726 F.3d at 1122 ("Each employee suffers a unique injury—an injury that can be redressed without the involvement of other employees. Defendants' obligation to them is not 'as a group,' but as 'individuals severally.' Thus, diversity jurisdiction does not lie because their claims cannot be aggregated."). Here, the estimated $2 million in penalties must be divided among the estimated 1,000 aggrieved employees, in which case Plaintiff is entitled to $500 of the PAGA civil penalties.[2] This estimate clearly falls short of the $75,000 jurisdictional minimum on its own.

### 2. Attorneys' Fees

Plaintiff also contends that, even considering an attorneys' fees award, he has not satisfied the amount in controversy requirement. (Mot. at 10.) Plaintiff argues that the statutory language of the Labor Code indicates that attorneys' fees are awarded to all aggrieved employees and not just the employee who brought the action, such that the fees are properly divisible among all employees for purposes of the amount in controversy calculation. (*Id.*) Though the Ninth Circuit has not expressly ruled on the issue, courts have applied the same anti-aggregation rule the Ninth Circuit applied to PAGA penalties in *Urbino* to attorneys' fees: "When the rule is that claims are not aggregated . . . it 'would seriously undermine' the [anti-aggregation] rule to allow attorney[s'] fees to be allocated solely to a named plaintiff in determining the amount in controversy." *Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1048-1049 (N.D. Cal. 2014) (finding attorneys' fees must be distributed pro rata to all aggrieved employees the plaintiff represented).

Further, the Ninth Circuit has applied the anti-aggregation rule to other similar California statutes, considering only the named plaintiffs' share of fees in calculating the amount in controversy. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 942 (9th Cir. 2001) (declining to aggregate attorneys' fees to calculate the amount in controversy under a similar public enforcement statute, California Code of Civil Procedure § 1021.5); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001) (declining to aggregate attorneys' fees in a representative action under California's Consumer Legal Remedies Act [California Civil Code § 1780], finding similarities to California Code of Civil Procedure § 1021.5).

Defendant attempts to distinguish these cases based on the language of the statutes at issue. (Opp'n at 13-14.) Under California Civil Code §§ 1021.5 and 1780, fees are awarded to "a successful party" and a "prevailing plaintiff," respectively. The courts in *Gibson* and *Kanter* concluded the language in these statutes indicated that an award of attorneys' fees must be divided among all members of the class. *Gibson*, 261 F.3d at 942; *Kanter*, 265 F.3d at 858. The statute at issue here provides, "Any employee who prevails

---

[2] ($2 million in PAGA penalties x 25% recovery for aggrieved employees) / 1000 employees = $500 for Plaintiff

in any action shall be entitled to an award of reasonable attorney's fees and costs . . . ." Cal. Lab. Code § 2699(g)(1). Defendant asserts this language must be interpreted to "award[ ] fees only to the plaintiff because he is the only employee 'who prevails' in a PAGA action." (Opp'n at 14.) The Court disagrees.

Reading the statute in its entirety, the Court finds no support for Defendant's argument. The statute provides that, "an aggrieved employee may recover the civil penalty . . . on behalf of himself or herself and other current or former employees against whom one or more of the alleged violations was committed."[3] Cal. Lab. Code § 2699(g)(1). It continues, "Any employee who prevails in any action shall be entitled to an award of attorney's fees." *Id.* The plain language thus reads that an aggrieved employee for whom the plaintiff has recovered a civil penalty has still "prevailed," if only indirectly as a party represented instead of a named plaintiff. Accordingly, the represented party still qualifies as "any employee who prevails" and "shall be entitled to an award of attorney's fees." And keeping with the plain language analysis, the term "any employee who prevails" is not markedly different than the language "a successful party" or "a prevailing plaintiff" under California Civil Code §§ 1021.5 and 1780. *See Gibson*, 261 F.3d at 942; *Kanter*, 265 F.3d at 858. Following the Ninth Circuit, then, Plaintiff could put in controversy only his *pro rata* share of attorneys' fees.

The authority Defendant cites does not support a different reading. Defendant argues the language at issue here is analogous to that in *In re Abbott Laboratories*, 51 F.3d 524, 526 (5th Cir. 1995), in which case "the statute clearly made fees available to the named plaintiffs only" and "all of the fees counted towards the amount in controversy." Opp'n at 13.) But the statute in *Abbott* awarded fees to "the representative parties." *Abbott*, 51 F.3d at 526. And the Ninth Circuit in *Gibson* explicitly distinguished this language from that in the California statutes. *Gibson*, 261 F.3d at 942. Tellingly, here the Labor Code does not refer to "representative plaintiffs," and thus does not "clearly ma[k]e fees available to the named plaintiffs only." *See* Cal. Lab. Code § 2699(g).

Accordingly, the Court follows the Ninth Circuit's reasoning in *Urbino* and concludes only Plaintiff's *pro rata* share of attorneys' fees may be considered to calculate the amount in controversy. Plaintiff does not provide an estimate for potential attorneys' fees (*see* Mot. at 11-13), but according to Defendant's calculation, the projected PAGA penalties are $2 million. Accepting Defendant's proffered benchmark fee award of 25%, the aggrieved employees would be entitled to $500,000 in attorneys' fees. *See Ford v. CEC Entm't, Inc.*, 2014 WL 3377990, at *6. Reducing the fee award to Plaintiff's share in light of the anti-aggregation rule, the Court finds Plaintiff has put another $500 in

---

[3] This section incorporates the definition of "aggrieved employee," set forth earlier in the statute as "any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed." Cal. Lab. Code § 2699(c).

controversy.[4]  Plaintiff's share of PAGA penalties and attorneys' fees thus amounts to $1,000.[5]  This sum does not satisfy the amount in controversy, and accordingly, the Court **GRANTS** Plaintiff's motion to remand.

### C. Plaintiff is Not Entitled to Attorneys' Fees

Plaintiff seeks to recover fees associated with filing this motion, arguing "removal was visibly improper."  (Mot. at 12.)  Under 28 U.S.C. § 1447(c), a district court has discretion to award attorneys' fees and costs upon remand if the defendant lacked an "objectively reasonable" basis for removal.  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  Due to the unsettled nature of the law applicable to this case, the Court finds Defendant's removal was not a "dilatory tactic or plainly against binding authority." *Adame v. Comtrak Logistics, Inc.*, 2016 WL 1389754, at *7 (C.D. Cal. Apr. 7, 2016). Accordingly, the Court **DENIES** Plaintiff's request for attorneys' fees.

## IV.  CONCLUSION

For the foregoing reasons, the Court finds that Defendant has not established by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000. The requirements of diversity jurisdiction are not satisfied, and accordingly, the Court **GRANTS** Plaintiff's motion to remand.

**IT IS SO ORDERED.**

---

[4] ($2 million PAGA penalties x 25% benchmark attorneys' fees award) / 1000 aggrieved employees = $500 attributable to Plaintiff's claim
[5] $500 in PAGA penalties + $500 in attorneys' fees = $1,000